UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY D. P.,

                                       Plaintiff,

v.                                                                                                   8:22-cv-1018
                                                                                                   (TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                       Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

COLLINS, HASSELER & SIMSER LAW, PLLC   LAWRENCE D. HASSELER, ESQ.
225 State Street
Carthage, NY 13619
Counsel for Plaintiff

SOCIAL SECURITY ADMINISTRATION         HEETANO SHAMSOONDAR, ESQ.
6401 Security Boulevard
Baltimore, MD 21235
Counsel for Defendant

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER

**I.    INTRODUCTION**

       Jeffrey D. P. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). Dkt. No. 1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a Magistrate Judge. Dkt. No. 7. Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint as untimely. Dkt. No. 11. For the reasons set forth below, Defendant's motion is denied.

II.     **RELEVANT BACKGROUND**

Plaintiff protectively filed an application for benefits on March 5, 2009. Dkt. No. 1 at 7.[1] As relevant here, following a second District Court remand, on February 13, 2018, Administrative Law Judge ("ALJ") Jennifer Gale Smith issued a written decision finding Plaintiff was not disabled under the Social Security Act ("SSA") from his amended onset date of January 31, 2009, through June 30, 2013, his date last insured. *See id*. at 7-45. Counsel Lawrence D. Hasseler drafted a letter of exceptions to the Appeals Council on Plaintiff's behalf, dated March 12, 2018. *See id*. at 61-64. On September 28, 2022, Plaintiff commenced the instant action by filing a complaint seeking review of the Commissioner's decision, wherein he indicated the Appeals Council had not rendered a decision, explaining, "[a]ction of the Appeals Council has been requested numerous times, but no further information has been received by the Plaintiff or his undersigned attorney representative. The exceptions from the ALJ decision of February 13, 2018 were filed by letter . . . more than four (4) years ago." *Id*. at 1-2.

On January 30, 2023, the Commissioner filed a motion to dismiss Plaintiff's complaint as untimely. *See generally*, Dkt. No. 11. In support of the motion, the Commissioner submitted a declaration from Lesha Cowell, the Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration. *See generally*, Dkt. No. 11-1. In the declaration, Cowell affirmed, *inter alia*, "there is no record of exceptions being submitted in the electronic folder" maintained by the Social Security Administration for adjudicating Plaintiff's claim. *Id*. at 3. Therefore, Defendant contends "Plaintiff failed to timely file a civil action by over three years . . . ." Dkt. No. 11 at 6.

---

[1] Citations to the parties' submissions will use page numbers assigned by CM/ECF, the Court's electronic filing system.

Plaintiff opposed the Commissioner's motion. *See generally*, Dkt. No. 13. In support of his opposition, Plaintiff submitted an affidavit from counsel wherein Mr. Hasseler affirmed, *inter alia*, he "timely filed a letter of exceptions" on Plaintiff's behalf "on March 12, 2018," and "never received a decision from the Appeals Council responding to the letter of exceptions," but had "advised [Plaintiff] on multiple occasions that his appeal was pending at the Appeals Council." Dkt. No. 13-1 at 1-2. Plaintiff also submitted an affidavit wherein he confirmed "I periodically contacted Attorney Hasseler to ask about the status of my claim. Attorney Hasseler repeatedly advised me that my appeal was pending with the Appeals Council." Dkt. No. 13-2 at 1-2. The Commissioner did not submit a reply.

### III.  LEGAL STANDARD

Section 405(g) of the Social Security Act permits a claimant who has been denied benefits to obtain judicial review of the Commissioner's denial by bringing a civil action in the judicial district of the claimant's residence within sixty days of the mailing of the Notice of Decision. *See* 42 U.S.C. § 405(g). This sixty-day limit "is a statute of limitations" and "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *see also Jeremy C. G. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1048 (ML), 2023 WL 4467125, at *2 (N.D.N.Y. July 11, 2023) ("Generally, failure to timely file, even where the delay is minor, will require dismissal of the complaint.") (citations omitted).

However, "the 60–day filing requirement is subject to equitable tolling, . . . [and,] given the nature of social security, equitable tolling of the limitations period is 'not infrequently appropriate.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (first citing *Bowen*, 476 U.S. at 480; then citing *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990)); *see also*

3

*Jeremy C. G.*, 2023 WL 4467125, at *2 ("Although labeled rare, 'equitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be unusually protective of claimants in this area.'") (citing *Sullivan*, 906 F.2d at 917) (additional quotations omitted). "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres*, 417 F.3d at 279 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "'The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff.'" *Robert D. v. Comm'r of Soc. Sec.*, No. 6:23-CV-0371 (FJS/ML), 2024 WL 5119207, at *3 (N.D.N.Y. Sept. 16, 2024) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

IV.    ANALYSIS

Here, Plaintiff has met his burden of demonstrating equitable tolling is warranted. As an initial matter, under Section 405(g) of the SSA, this Court may review only a "*final decision* of the Commissioner of Social Security." 42 U.S.C. § 405(g) (emphasis added); *see also*, *e.g.*, *Peter G. v. Comm'r of Soc. Sec.*, No. 1:23-CV-1061 (DB), 2024 WL 1769258, at *3 (W.D.N.Y. Apr. 24, 2024) ("This Court may review only a 'final decision' of the Commissioner related to the payment of Social Security benefits.").

Where, as here, "a case is remanded by a federal court for further consideration, the [ALJ's] post-remand decision will become the final decision of the Commissioner, unless the Appeals Council assumes jurisdiction of the case." *Peter G.*, 2024 WL 1769258, at *3 (citing 20 CFR § 404.984). Indeed, the Notice of Decision included with ALJ Smith's February 13, 2018, Decision denying Plaintiff's application for benefits advised the same. Specifically, the Notice provided: "[i]f you disagree with my decision, you or your representative may submit written

4

exceptions to the Appeals Council" "**within 30 days** of the date you get this notice." Dkt. No. 11-1 at 5 (emphasis in original). Alternatively, if Plaintiff "did not file written exceptions and the Appeals Council does not review [the ALJ's] decision on its own, [the ALJ's] decision will become final on the 61st day following the date of this notice." *Id*. at 6.

Significantly, "when timely written exceptions are filed, the Appeals Council's assumption of jurisdiction is mandatory, not discretionary." *Peter G.*, 2024 WL 1769258, at *3 (citing 20 C.F.R. § 404.984 ("If written exceptions are timely filed, the Appeals Council will consider your reasons for disagreeing with the hearing decision and all the issues presented by your case.")). Where a claimant files written exceptions to a hearing decision, the Appeals Council will consider the arguments raised, and either: (1) issue a notice to the claimant "addressing your exceptions and explaining why no change in the hearing decision is warranted," or (2) "make a new, independent decision . . . based on a preponderance of the evidence in the record . . . or remand the case to an administrative law judge for further proceedings, including a new decision." *See* 20 C.F.R. § 404.984(b)(2)-(3). Therefore, "if timely written exceptions are filed, the [ALJ's] decision does not become the final decision of the Commissioner until the Appeals Council has completed its review." *Peter G.*, 2024 WL 1769258, at *4 (citing 20 C.F.R. § 404.984(b)(2)-(3)).

In sum, District Court review of the Commissioner's decision under Section 405(g) is not appropriate where the Appeals Council has jurisdiction of the case due to the claimant's filing of written exceptions. *See*, *e.g.*, *id*. ("Plaintiff timely filed exceptions to the February 6, 2023 ALJ decision with the Appeals Council, and those exceptions are still pending. As such the February 6, 2023 ALJ decision is not yet final, and judicial review is therefore not appropriate under 42 U.S.C. § 405(g)."); *Chamberlain v. Barnhart*, 382 F. Supp. 2d 867, 869 (E.D. Tex. 2005) ("Here

5

. . . plaintiff filed exceptions, thus triggering further administrative review, which is not yet complete. Having elected to pursue her additional administrative remedies, plaintiff must await a final decision from the Appeals Council before bringing suit."); *Papadopoulos v. Comm'r of Soc. Sec.*, No. 1:13-CV-3163, 2014 WL 2038314, at *3 (S.D.N.Y. May 15, 2014) ("District courts within the Second Circuit . . . routinely have required plaintiffs to exhaust their administrative remedies before seeking judicial review of Social Security determinations.") (collecting cases).

Here, Plaintiff's counsel avers he filed written exceptions to the ALJ's decision with the Appeals Council on March 12, 2018. Dkt. No. 13 at 2; Dkt. No. 13-1 at 1. In support, counsel provides a copy of Conboy, McKay, Bachman & Kendall, LLP, business records, documenting, *inter alia*, an expense of "[$]9.59" for "Postage" on March 12, 2018. Dkt. No. 13-2 at 2 (citing Dkt. No. 13-2 at 9). Yet, as discussed above, the Office of Appellate Operations has "no record of exceptions being submitted . . . ." Dkt. No. 11-1 at 3.[2] Moreover, neither Plaintiff nor his attorney ever received a response to the written exceptions from the Appeals Council. *See* Dkt. No. 13 at 4-5. In light of the forgoing, it is apparent the Appeals Council did not receive the March 12, 2018, written exceptions.

Despite the Appeals Council's non-receipt of Plaintiff's written exceptions to ALJ's decisions, however, it is undisputed Plaintiff's counsel advised him that his appeal before the Appeals Council was pending. *See* Dkt. No. 13-2 at 1-2 ("Attorney Hasseler repeatedly advised

---

[2] The Court notes, while Plaintiff's complaint stated "[a]ction of the Appeals Council has been requested *numerous* times," Dkt. No. 1 at 1 (emphasis added), counsel has not identified any communication between Plaintiff or his attorney and the Appeals Council *other than* the March 12, 2018, submission of exceptions to the ALJ's decision, which were never received. *See* Dkt. No. 13-1 at 1-3. Counsel affirmed "[t]he first notice I received that the Appeals Council claims not to have received my letter [of exceptions] was when I received the Notice [of Motion] to Dismiss filed by Attorney Shamsoondar" in the instant action. *Id*. at 2.

me that my appeal was pending with the Appeals Council."); Dkt. No. 13-1 at 2 ("I advised [Plaintiff] on multiple occasions that his appeal was pending at the Appeals Council."). It therefore follows Plaintiff was led to believe the ALJ's decision had not become the final decision of the Commissioner, thus, judicial review under Section 405(g) of the SSA would not have been appropriate. In other words, Plaintiff was advised the sixty-day period to file a civil action had not commenced.

Under these circumstances, the undersigned is persuaded equitable tolling is appropriate. First, as the Commissioner does not dispute, had Plaintiff filed written exceptions by March 20, 2018, *see* Dkt. No. 11 at 4, the Commissioner's decision would not have become final until the Appeals Council completed its review. *See* 20 C.F.R. § 404.984(b)(2)-(3). Next, as the Commissioner is *unable* to dispute, Plaintiff was specifically advised such properly filed written exceptions were submitted on his behalf and pending before the Appeals Council. *See* Dkt. No. 13-1 at 2; Dkt. No. 13-2 at 1-2.

Irrespective of the cause of the Appeals Council's non-receipt of the March 12, 2018, written exceptions, that Plaintiff was *incorrectly* advised exceptions were pending before the Appeals Council constitutes an "extraordinary circumstance" warranting equitable tolling. Further, because Plaintiff inquired about the pending appeal *repeatedly*, the undersigned is unable to conclude he was not sufficiently diligent in pursuing his rights. Finally, there is undoubtably "a causal relationship between the alleged extraordinary circumstance and the lateness of [Plaintiff's] filing," *Jenkins v. Greene*, 630 F.3d 298, 304-05 (2d Cir. 2010) (citation omitted), given it would not have been proper to commence a civil action if exceptions were pending before the Appeals Council as Plaintiff was advised.

In sum, Plaintiff is entitled to equitable tolling of the sixty-day limitations period to file a civil action because he was advised the period had not yet commenced due to pending written exceptions, which were never actually received. Accordingly, the Commissioner's motion to dismiss Plaintiff's complaint as untimely must be denied.[3]

## V. CONCLUSION

**ACCORDINGLY**, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 11) is **DENIED**.

Dated: September 12, 2025
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3] The undersigned notes precedent stating "'a district court generally should conduct an evidentiary hearing before making factual findings if a plaintiff's sworn averments of fact, though disputed, meet the legal standards for equitable tolling.'" *Clark v. Hanley*, 89 F.4th 78, 95 (2d Cir. 2023) (citing *Doe v. United States*, 76 F.4th 64, 70 (2d Cir. 2023)) (additional quotations and citations omitted). However, because it is undisputed Plaintiff was repeatedly advised by counsel that written exceptions, which were never received, were pending before the Appeals Council, the Court is satisfied that equitable tolling is warranted here. Accordingly, no evidentiary hearing is required.